UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ADJA DAMBA DANTE,                             CASE NO.: 24-cv-23993-CMA

    Plaintiff,

v.

ELIE YAFFA, SHOWMULA LLC,
and TALLAC RECORDS LLC,

    Defendants.
_____/

**SUBPOENA *DUCES TECUM* TO TESTIFY AT
A DEPOSITION IN A CIVIL ACTION**

TO:    **INTERAUDI BANK
C/O NABIL J. ACHKAR, REGISTERED AGENT
Two Brickell City Center
78 SW 7th Street, Suite 1100
Miami, FL 33130**

[X]  *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the matters set forth in the attachment.

| PLACE | DATE AND TIME |
|---|---|
| To be conducted via Zoom video conference<br><br>Zoom link to be provided by counsel for Plaintiff | Monday, March 3, 2025<br>10:00 a.m. (EST) |

The deposition will be recorded by this method: digital court reporting

[X]  *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material, all of the documents described in the attached **Documents to be Produced** subject to the Definitions and Instructions. The documents are to be produced on or before 5:00 p.m. on February 26, 2025, at 5:00 p.m. and sent via e-mail to zach@millenniallaw.com; jessica@millenniallaw.com; and assistant@millenniallaw.com or transmitted by other data service such as Sharefile, DropBox, etc.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

The deposition is being noticed by Plaintiff, Adja Damba Dante, by counsel, and pursuant to Federal Rules of Civil Procedure 45 (c), (d), (e), and (g) and is being taken for the purposes of discovery, for use at any contested matter or trial, or both of the foregoing and for such other purposes as are permitted under the applicable and governing rules.

DATED this **21st** day of January 2025.

>Respectfully submitted,
>
>**MILLENNIAL LAW**
>*Attorneys for Plaintiff*
>501 East Las Olas Blvd, Suite 314
>Fort Lauderdale, Florida 33301
>Phone: 954-271-2719
>
>By: *s/ Zachary P. Hyman*
>        Zachary P. Hyman
>        Florida Bar No. 98581
>        zach@millenniallaw.com
>        Anthony Bruno
>        Florida Bar No. 97830
>        anthony@millenniallaw.com
>        jessica@millenniallaw.com
>        assistant@millenniallaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on this **21st** day of February, 2025, via the Court's CM/ECF system, and that a true and correct copy of was served upon the parties listed, in the manner specified, in the below Service List.

>By: *s/ Zachary P. Hyman*
>        Zachary P. Hyman

## **SERVICE LIST**

**Via U.S. Mail**

| |
|---|
| Elie Yaffa, *Defendant* <br> 9000 Abbott Ave <br> Surfside, Florida 33154 |
| Showmula LLC, *Defendant* <br> c/o Elie Yaffa, Registered Agent <br> 9000 Abbott Ave <br> Surfside, Florida 33154 |
| Talla Records LLC, *Defendant* <br> c/o Elie Yaffa, Registered Agent <br> 9000 Abbott Ave <br> Surfside, Florida 33154 |

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

(a) **"You"**, **"Your"**, or **"Bank"** as used herein means independently and/or collectively, Interaudi Bank, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on Your behalf.

(b) **"Dante"** means Adja Damba Dante, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on Your behalf.

(c) **"Yaffa** means Elie Yaffa and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on Your behalf.

(d) **"Showmula"** means Showmula, LLC, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on Your behalf.

(e) "**Tallac**" means Tallac Records, LLC and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on Your behalf.

(f) The term **"Communications"** shall be defined as any tangible object that conveys information or memorializes information that was conveyed in tangible or oral form, whether to or from you, your agents, employees, representatives or personnel, managerial or otherwise; its licensees or franchisees, and includes, but is not limited to, writings, letters, e-mail messages or printouts thereof, telegrams, text messages, telexes, telecopies, memoranda, reports, notes, interoffice communications, or any other form of communication. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

(g) The term **"Document"** has the full extent of its meaning as provided in the Florida Rules of Civil Procedure and includes the original (or, if the information called for cannot be provided as to the original, then each and every copy, duplicate and reproduction) of any medium upon which or from which intelligence or information can be recorded or retrieved, including, but not limited to, all physical forms of correspondence, e-mails, all abstracts, agreements, appointment records, audio records (whether transcribed or not), balance sheets, bids, bills, blanks, books, books of account, cablegrams, charts, communications, computations, computer cards, tapes, disks and diskettes, computer printouts, computer programs, computer read outs, contracts, data computations from which information can be obtained or translated through detection devices, diaries, drafts, drafts of documents, drawings, entries, estimates,

evaluations, financial analyses, financial statements, forms, graphs, handbooks, income statements, indices, inspection reports, instruments, intra-office and interoffice communications, invoices, itemizations, journals, letters, manuals, meeting reports, memoranda, memoranda of all conversations including telephone calls, minutes, notes, order forms, orders, opinions, appointments, photocopies, plans, press releases, prospectuses, receipts, recordings, records of accounts, reports, statements, statistical records, studies, summaries, system analyses, tapes, telegrams, time records, video recordings, writings, or work papers which are within the possession, custody or control of you (your attorneys, experts, accountants, insurers, agents, officers or directors), wherever located.  In all cases where a document is in a language other than English, all translations and material pertaining to each and every translation of such documents also shall be considered to be documents.  The term "Document" includes electronic, magnetic, and optically stored information.  The term "Documents" also includes photographs and video.

(h) The terms **"pertaining"** or **"pertaining to"** shall mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i) Unless otherwise specified the time frame is from January 14, 2021 to the date of the issuance of this Subpoena.

**DOCUMENTS TO BE PRODUCED**

1. Any and all financial records for Yaffa.

2. Documents, including without limitation, financial statements, tax returns, profit and loss statements, bank account statements, that reflect concern or otherwise relate to the financial condition of Yaffa.

3. A copy of the application for a mortgage that was submitted by Elie Yaffa with respect to the real property whose address is 9000 Abbott Ave. Surfside, FL 33154.

4. Documents submitted by Elie Yaffa in support of the mortgage application to the real property whose address is 9000 Abbott Ave. Surfside, FL 33154.

5. Documents that were submitted to you by Yaffa in connection with the advancement of any credit, money, or any good or services of value.

6. Any and all financial records of Showmula.

7. Documents, including without limitation, financial statements, tax returns, profit and loss statements, bank account statements, that reflect concern or otherwise relate to the financial condition of Showmula.

8. Any and all financial records for Tallac.

9. Documents, including without limitation, financial statements, tax returns, profit and loss statements, bank account statements, that reflect concern or otherwise relate to the financial condition of Tallac.