UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23993-CIV-ALTONAGA

**ADJA DAMBE DANTE**,

    Plaintiff,
vs.

**ELIE YAFFA**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants, Elie Yaffa ("Yaffa"), Showmula LLC ("Showmula"), and Tallac Records LLC's ("Tallac['s]") Verified Motion to Set Aside Clerk's Default [ECF No. 43], filed on March 6, 2025. The Court has carefully reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 45],[1] the record, and applicable law. For the following reasons, the Motion is granted.

### I. BACKGROUND

Plaintiff and French business owner, Adja Dambe Dante, has sued Yaffa, a Miami-based French rapper — and Showmula and Tallac, limited liability companies Yaffa controls — seeking damages and permanent injunctive relief, and stating 12 assorted claims for relief. (*See generally* Sec. Am. Compl. ("SAC") [ECF No. 29]). Without recounting the SAC's detailed and rather salacious factual general allegations, including visual content copied onto the pleading (*see id.* ¶¶ 8–234), the Court understands Plaintiff's claims to rely on the accusation that for several years, Defendants have routinely harassed Plaintiff, publishing defamatory statements about her and damaging her reputation (*see id.* ¶ 28). Plaintiff alleges violations of the Lanham Act, 15 U.S.C.

---

[1] Plaintiff supports the factual statements in her Response with several affidavits from process servers and her counsel. (*See generally id.*, Exs. A–D [ECF Nos. 45-1–45-4]).

CASE NO. 24-23993-CIV-ALTONAGA

section 1125, against all Defendants (Counts I, III); violations of Florida Statute section 540.08, against all Defendants (Counts II, IV); defamation *per se* against Yaffa and Tallac (Count V); defamation by implication against Yaffa and Tallac (Count VI); intentional infliction of emotional distress against all Defendants (Count VII); tortious interference against Yaffa and Tallac (Count VIII); unjust enrichment against all Defendants (Count IX); violations of Florida Statute section 495.151, against all Defendants (Count X); unfair competition against all Defendants (Count XI); and declaratory judgment[2] against all Defendants (Count XII). (*See* SAC ¶¶ 235–340).

On December 10, 2024, the Clerk entered Default against Defendants due to their failure to respond to the Amended Complaint [ECF No. 6] after having been served. (*See* Clerk's Default [ECF No. 15]; Returns of Service [ECF Nos. 8–10]). Plaintiff then filed the SAC on February 3, 2025, and a Clerk's Default was entered against Defendants once more on February 20, 2025 [ECF No. 34].

In their Verified Motion to set aside the Clerk's Default, Defendants dispute the sufficiency of service, contending that — despite Plaintiff's representation that substitute service was obtained on a "Patricia Doe" at an address in Surfside, Florida — Yaffa does not reside at that address, nor has he ever resided there; and Doe is not the registered agent for Showmula or Tallac. (*See* Mot. ¶¶ 2–6). Yaffa purportedly first learned of this action on February 28, 2025, when his bank contacted him regarding a subpoena served upon it; less than a week later, Yaffa contacted counsel, who filed the Motion. (*See id.* ¶¶ 10–11). Defendants conclude that the substituted service upon

---

[2] "Declaratory judgment" is not a free-standing cause of action, but rather a type of relief. *See Arencibia v. AGA Service Co.*, 533 F. Supp. 3d 1180, 1195 (S.D. Fla. 2021) ("Declaratory relief is a procedural device [that] depends on an underlying substantive cause of action and cannot stand on its own." (alteration added; citations omitted)).

2

CASE NO. 24-23993-CIV-ALTONAGA

Doe at the Surfside address is defective; Yaffa acted with "due diligence" in moving to set aside the Default; and if the Default is not set aside, Defendants will suffer irreparable harm given Plaintiff's unsubstantiated claims. (*Id.* ¶¶ 13–14).

Plaintiff advances two arguments in response. (*See generally* Resp.). First, Plaintiff asserts that service at the Surfside address — the location of a home owned by Yaffa — was proper. (*See generally id.*). According to Plaintiff, substitute service was effectuated after some 15 failed service attempts at the property, where Patricia Cerqueira, Yaffa's children's mother, lives and Yaffa regularly visits, leaving a car registered in his name outside. (*See* Resp. 4–6 (citations omitted)).[3] Because of the significant "ties" Yaffa has to the home, Plaintiff insists it is in fact Yaffa's "dwelling" for purposes of Federal Rule of Civil Procedure 4. (*Id.* 6). Alternatively, should the Court disagree that the Surfside address is Yaffa's "dwelling," Plaintiff requests that the Clerk's Default not be vacated because Yaffa was evading service and had actual notice of the lawsuit — he was warned Plaintiff would be filing a trademark lawsuit against him; his attorney was notified of this suit and did not agree to accept service of process; and his social media posts indicate he is aware of the suit. (*See id.* 7–9 (citations omitted)).

Remarkably, in the event the Court does not outright deny the Motion, Plaintiff asks for an evidentiary hearing to allow her to show the Surfside address is in fact Yaffa's dwelling. (*See id.* 10). The Response is silent on the sufficiency of service upon Showmula and Tallac. (*See generally id.*).

---

3 The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

3

CASE NO. 24-23993-CIV-ALTONAGA

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause . . . ." *Id.* (alterations added).  "The decision to vacate a default is committed to the sound discretion of the court." *Leaderstat, LLC v. Abisellan*, Case No. 06-cv-1337, 2007 WL 5433486, at *1 (M.D. Fla. Jan. 24, 2007).  While "Rule 55(c) issues are committed to the court's discretion, when the grant of default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal." *Seaman v. Dokimos*, No. 07-60741-Civ, 2007 WL 9701092, at *5 (S.D. Fla. Sept. 28, 2007) (quotation marks and citations omitted).

"'Good cause' is a liberal standard — more forgiving than the 'excusable neglect' standard for setting aside a default judgment under Rule 60(b) — 'but not so elastic so as to be devoid of substance.'" *Alonso v. Alonso*, No. 22-10607, 2023 WL 309588, at *3 (11th Cir. Jan. 19, 2023) (citations omitted).  In determining whether the movant has shown the requisite good cause Rule 55(c) requires, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, [] whether the defaulting party presents a meritorious defense[,] . . . whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (alterations added; citations omitted).  "These factors are simply guidelines and are not 'talismanic.'" *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-cv-80535, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008) (quoting *Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951).  Moreover, "the failure of a district court to expressly consider [each of these factors] does not necessarily constitute an abuse of discretion." *KPS &*

CASE NO. 24-23993-CIV-ALTONAGA

*Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (alteration added).

Finally, the Court is mindful that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted). For this reason, "any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citation omitted). "To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support her claim for relief." *Griffin IT Media, Inc.*, 2008 WL 162754, at *2 (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

### III.  DISCUSSION

As an initial matter, the Court declines Plaintiff's invitation to determine the sufficiency of her process server's substitute service and whether all Defendants have been properly served. The parties may certainly confer on that question, and if they fail to reach agreement, Defendants may move to quash service of process — a remedy they do not seek with their Verified Motion and have not adequately briefed. (*See generally* Mot.).

Turning to whether the Clerk's Default should be set aside, the Court concludes that it must. Defendants *minimally* satisfy the "'bare minimum showing'" required under Rule 55(c). *Griffin IT Media, Inc.*, 2008 WL 162754, at *2 (citation omitted). To be sure, Patricia Cerqueira and Yaffa may have taken evasive actions. (*See generally* Resp.). Yet, Yaffa has stated under oath that he does not reside at the home where Ms. Cerqueira was served with process. (*See* Mot. ¶ 4). And, as noted, Plaintiff does not even address how or why service on Showmula and Tallac can be effectuated by serving Ms. Cerqueira at the Surfside home. (*See generally* Resp.).

5

Case No. 24-23993-CIV-ALTONAGA

In addition, Yaffa's sworn statement that he first learned of this action on February 28, 2025 (*see* Mot. ¶ 10) — less than two weeks before Defendants filed the Motion — suggests Defendants were not dilatory, but rather, acted promptly in seeking to set aside the Default. While Yaffa's social media posts appear to belie this assertion (*see* Resp. 8), the Court will not hold an evidentiary hearing for the purpose of determining whether to set aside the default. If Yaffa's sworn statement proves not to be true, Plaintiff may use information obtained in discovery to impeach Yaffa's truthfulness at trial.

In contrast, Defendants make no effort to present any meritorious defenses to the SAC's many claims. (*See generally* Mot.). Defendants simply assert, without any analysis or support, that Plaintiff's claims are unsubstantiated. (*See id*. ¶ 14). In this respect, Defendants' showing is woefully weak.

Still, the Court credits Defendants' statement that they will suffer irreparable harm if the Default is not set aside. (*See id.*). Harm undoubtedly flows from a default that is not set aside, even if a jury trial on damages and a hearing on injunctive remedies is held, as would be necessary here. *See, e.g.*, *Brown v. Ramada Birmingham Airport*, No. 2:17-cv-01671, 2018 WL 1609632, at *3 (N.D. Ala. Apr. 3, 2018) (noting that a court may enter a final judgment without a hearing only if the claim is for a sum certain or one that can be made by computation; if the amount is not liquidated or capable of mathematical calculation, a judgment awarding cash damages cannot be entered without a hearing or, where plaintiff has demanded one, a jury trial (citations omitted)). At bottom, the preference for deciding a case on its merits — and testing the sufficiency of a party's claims and damages requests with evidence — finds strong support in the caselaw; the public's interest in searching for and finding the truth in the claims presented in the SAC weighs

Case No. 24-23993-CIV-ALTONAGA

in favor of setting aside the Default.

Ultimately, upon consideration of the relevant factors, the Court finds Defendants acted promptly in seeking to set aside the Default; and that Plaintiff suffers no prejudice by engaging in discovery, gathering evidence to support any damages award, and submitting her claims to a jury, as she requests in the SAC.  The Court fails to see how Plaintiff will be prejudiced by this short delay or by having to prove her claims on the merits.  *See, e.g.*, *James v. Progress Energy Fla., Inc.*, No. 11-cv-175, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011) (finding no prejudice where the defendant's motion to set aside default "was filed in the early stages of [the] case — less than three months after [the plaintiff] filed his [c]omplaint and only two months after the clerk entered default" (alterations added)).

## IV.   CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants, Elie Yaffa, Showmula LLC, and Tallac Records LLC's Verified Motion to Set Aside Clerk's Default **[ECF No. 43]** is **GRANTED**.  The Clerk's Default **[ECF No. 34]** is **VACATED**.  Defendants shall respond to the Second Amended Complaint **on or before April 8, 2025**.

**DONE AND ORDERED** at Miami, Florida, this 25th day of March, 2025.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record